Ganquan XIE, Plaintiff—Appellant,

v.

**LAWRENCE BERKELEY LABORATORY;  et al., Defendants—Appellees.**

No. 04–15852.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

14

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Ganquan Xie appeals pro se from the district court's summary judgment in favor of the Regents of the University of California ("the Regents"), and the district court's order denying reconsideration, in his action alleging race, national origin, age, and disability discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 984 (9th Cir.2003), and review the denial of the motion for reconsideration for abuse of discretion, *M2 Software, Inc. v. Madacy*

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Entm't,* 421 F.3d 1073, 1086 (9th Cir.2005). We affirm.

The district court properly concluded that Xie failed to establish a prima facie case of discrimination. *See Fonseca v. Sysco Food Servs. of Arizona, Inc.,* 374 F.3d 840, 847 (9th Cir.2004) (listing elements of prima facie case in Title VII action); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir.2000) (prima facie case under Age Discrimination in Employment Act); *Allen v. Pacific Bell,* 348 F.3d 1113, 1114 (9th Cir.2003) (per curiam) (prima facie case under Americans with Disabilities Act ("ADA")). In the multiple oppositions to summary judgment that Xie submitted to the district court, he did not include any evidence that he had been treated differently than someone who was not a member of a protected class, or evidence that the circumstances of his layoff otherwise raised an inference of discrimination. Xie also failed to submit any evidence to the district court that he was disabled within the meaning of the ADA. *See United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 999 (9th Cir.2002) (failure to present evidence to district court in opposition to summary judgment motion forecloses party from raising issue on appeal).

Xie's claim that his lay-off was in retaliation for his testifying at his wife's May 2001 grievance proceeding fails because, as Xie acknowledges, he was informed of the lay-off decision in January 2001. Thus, there is no causal link between Xie's involvement in a protected activity and his lay-off. *See Coons v. Sec'y of the U.S. Dep't of Treasury,* 383 F.3d 879, 887 (9th Cir.2004). Xie's claim that he was removed from his office by security personnel in retaliation for filing a complaint with the California Department of Fair Employment and Housing fails because Xie did not raise a genuine issue of material fact as to whether the Regents' legitimate reasons for ordering his removal were pretextual. *See id.*

The district court also did not abuse its discretion in denying Xie's motion for reconsideration, because Xie's arguments were either unsupported by any evidence or irrelevant to his claims.

Xie's remaining contentions lack merit.

Xie's pending motions for further extensions of time to submit an optional reply brief are denied.

AFFIRMED.