**Brenda LORD, Plaintiff–Appellant,**

**v.**

**State of ARIZONA d/b/a Department of Corrections, Defendant–Appellee.**

No. 06–15875.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.*

Filed July 3, 2008.

Herbert Beigel, Esq., Herbert Beigel & Associates LLC, Tucson, AZ, for Plaintiff–Appellant.

Rebecca J. Herbst, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendant–Appellee.

Before: TASHIMA and GRABER, Circuit Judges, and TIMLIN ** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

Brenda Lord appeals the district court's order granting summary judgment in favor of defendant State of Arizona Department of Corrections ("Defendant" or "DOC") in an action alleging a violation of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701 ("FRA"), and a violation of the Arizona Civil Rights Act, Ariz.Rev. Stat. § 41–1463 ("ACRA").[1] In her lawsuit, Lord alleged that the DOC failed to accommodate her severe asthma by not providing her with a work environment free from smoke. She contends on appeal that the district court erred in ruling that she failed to raise genuine issues of material fact as to whether her asthma was a disability, as to whether she was a qualified person who could perform the essential function of her job as a Correctional Officer II ("CO II"), and as to whether the DOC made a good faith effort to accommodate her. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recite them in detail. We review a grant of summary judgment de novo and consider whether, viewing the evidence in the light most favorable to Lord, the nonmoving party, there are any genuine issues of material fact. *See Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir.2003).

To establish a prima facie case of disability discrimination under the FRA, a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination in her employment because of her disability. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir.2005). The evidence establishes, and the DOC does not dispute, that Lord's asthma was a physical impairment. *See* 45 C.F.R. § 84.3(j)(2)(i)(A) (1989). However, Lord has not presented significant probative evidence that her impairment substantially limited a major life activity, thereby becoming a disability. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482–83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

Lord claims that her asthma substantially limits her ability to breathe; the FRA's implementing regulations include breathing within the compass of "major life activities." 45 C.F.R. § 84.3(j)(2)(ii). But Lord has presented evidence of impaired breathing only when she was exposed to particular allergens in particular places, not evidence of impaired breathing as a whole. In her deposition, she stated that her asthma does not impact her daily activities at all, as she is able to take care of herself, cook, clean, bathe by herself, shop, drive, climb stairs, walk, run and partake in hobbies. Although Lord's breathing was clearly inhibited by cigarette smoke at work, she has not provided any evidence that her impairment substantially limited her ability to breathe "as a whole, for purposes of daily living, as compared to most people." *Wong*, 410 F.3d at 1065. To the contrary, the undisputed evidence

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The standards used to determine whether an employer's actions violate the FRA are the same standards applied under the Americans with Disabilities Act ("ADA") and the administrative regulations promulgated pursuant to the ADA. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir.2004). Further, the ACRA is generally similar in both intent and purpose to the FRA, and Arizona courts look to federal case law and administrative interpretations for guidance in interpreting the ACRA. *Bogue v. Better–Bilt Aluminum Co.*, 179 Ariz. 22, 875 P.2d 1327, 1332 (1994).

shows that her breathing was not impaired in her daily life outside of work.

Lord has also failed to raise a genuine issue of material fact regarding whether she was qualified to perform the essential functions of her position as a CO II with or without accommodation. *See Kees v. Wallenstein,* 161 F.3d 1196, 1198–99 (9th Cir. 1998). The ADA defines a "qualified individual" as an individual "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). It is uncontroverted that Lord was a CO II and that one of the essential functions of a CO II is to work in inmate living areas. Also undisputed are other essential functions of a CO II: maintaining security, order, and discipline of inmates; performing inspections of physical premises and cells; and physically patrolling and surveying units, yards, buildings, and inmate cells.

While working in the Manzanita Housing Unit at the Arizona State Prison, Lord requested that she only work in the main control room or detention unit control room, because they were the only two areas that were smoke-free; she also requested that she not have to work in any of the housing areas to avoid contact with cigarette smoke. It is reasonably inferable that the restrictions requested by Lord all involve limiting contact with inmates and not working in inmate living areas, which are essential functions of the position of CO II. Lord has failed to present significant probative evidence that she is able to perform the essential functions of the position of CO II.[2]

**2.** We need not reach Lord's final contention that the DOC failed to provide reasonable accommodation for her disability, as she has failed to make a prima facie showing of the first two elements of the FRA.

Accordingly, we affirm the district court's order granting summary judgment for Defendant DOC.

**AFFIRMED.**