**Adam TROTTER, Plaintiff—Appellant,**

v.

**Robert M. GATES, Secretary of Defense, Defendant— Appellee.**

No. 06–56864.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Adam Trotter, Redondo Beach, CA, pro se.

Russell W. Chittenden, Esq., Office of The U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Adam Trotter appeals pro se from the district court's summary judgment in favor of defendant in his action alleging discrimination and retaliation in violation of Title VII and the Rehabilitation Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 884 (9th Cir.2004). We affirm.

■ The district court properly granted summary judgment on Trotter's discrimination claims because he failed to rebut defendant's evidence that the requested accommodation would be an undue hardship to the defendant. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002).

■ The district court properly granted summary judgment on Trotter's retaliation claims because he failed to show a causal connection between his request for an accommodation and the adverse employment decision. *See Coons*, 383 F.3d at 887–88. The record shows that disciplinary action against Trotter began before he first requested an accommodation, and Trotter concedes that his repeated absences caused his termination.

We grant in part defendant's motion to strike attachments to Trotter's opening brief, specifically as to the "PLFA Supplemental Agreement" and the deposition excerpts of Dennis H. Nicholson, M.D. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."). We consider the evidence appended to Trotter's motion to reconsider, although Trotter waived review of the order denying reconsideration by not raising it in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

Trotter's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

