Peter W. COONS, Plaintiff–Appellant,

v.

**SECRETARY OF THE U.S. DEPART-MENT OF THE TREASURY, (Internal Revenue Service), Defendant–Appellee.**

No. 02–15665.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Filed Sept. 1, 2004.

---

**7.** We also reject North's argument that Rule 1.5(a) is incompatible with the "very concept of a federal system" as applied to him because he has been reinstated to practice in the bars of other states. We have already held that there is nothing unconstitutional or improper in Rule 1.5(a) barring attorneys who have been admitted in other states or other federal district courts but who are not active members of the Arizona State Bar from practicing before the District of Arizona. *Gallo*, 349 F.3d at 1181.

Mary Dryovage, San Francisco, CA, for the plaintiff-appellant.

Abraham A. Simmons, Assistant United States Attorney, San Francisco, CA, for the defendant-appellee.

Before: HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

HUG, Circuit Judge.

Appellant Peter Coons was demoted by his employer, the Internal Revenue Service ("IRS"). He alleges that he was demoted in violation of his rights under the Rehabilitation Act for discrimination because of a disability and for requesting reasonable accommodations relating to his disability. Finally, Coons alleges that the IRS demoted him in retaliation for making disclosures protected by the Whistleblower Protection Act ("WPA"), in violation of the Civil Service Reform Act.

We hold that the district court correctly found that Coons is not disabled within the meaning of the Rehabilitation Act and that he did not make out a *prima facie* case for retaliation. However, because Coons made disclosures that are protected under the Whistleblower Protection Act, we reverse in part the district court's grant of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Coons worked for the IRS from 1970 until January 2001. By January 1995, he was a Collection Division Chief and was responsible for a staff of about 400 IRS employees. In early 1997, Coons began making disclosures regarding certain actions taken by IRS officials. He complained to his supervisor, Division Director Robert Ah Nee, of the inappropriate conduct of a former IRS Regional Counsel who was representing a taxpayer in a collections matter. Coons claims that this, and other disclosures, are the reason for the adverse employment actions he suffered in 1998 and 1999.

Also in early 1997, Coons was given access to the Internet. In August of that year, Deborah Gavina, while installing new software on Coons's computer, discovered that Coons used his computer to view nonwork related web sites. This eventually resulted in an investigation by the Office of Inspector General into Coons's alleged misuse of his office computer. In February 1998, Coons was detailed to the San Francisco Regional Office pending the outcome of that investigation.

On June 22, 1998, Coons took sick leave, claiming symptoms resulting from the stress of work. In late August 1998, Coons, through his attorney and doctor, claimed that he could return to work, but that he would require reasonable accommodations to be made. Specifically, Coons's doctor explained that Coons suffered "continuing abdominal distress" and various other stress-related ailments. Coons's doctor stated that Coons could return to work if he was not required to take "unplanned extended absences from the home, and excessive travel." The IRS did not meet with Coons to discuss his request for accommodation, but, in early September 1998, it detailed Coons to a position in the Quality Program that would not require extended absences from the home or excessive air travel.

In December 1998, Coons filed a Whistleblower Protection Act complaint with the Office of Special Counsel, stating that his February 1998 detail to the San Francisco Regional Office, allegedly the result of Coons's computer misuse, was actually the result of complaints he had made regarding improprieties at the IRS. That complaint was eventually dismissed by an Administrative Law Judge in August 2000, and the Merit Systems Protection Board upheld the dismissal. Coons was notified

of his right to appeal that dismissal to the Federal Circuit Court of Appeals, but he did not do so.

In August 1999, as a result of the investigation of Coons's misuse of government computers, the IRS demoted Coons to the position of Program Analyst and reduced his grade from a GS–15 to a GS–14— roughly a $14,000 reduction in annual pay. Coons appealed the demotion to the Merit Systems Protection Board and, after hearings in December 1999 and January 2000, the Administrative Judge denied Coons's appeal. A three-member panel of the Merit Systems Protection Board upheld that decision in November 2000.

In December 2000, Coons filed a complaint in district court challenging the Board's findings, alleging Whistleblower Protection Act violations, unlawful discrimination based on disability, unlawful discrimination based on age, and retaliation. The district court dismissed Coons's age discrimination claim and granted summary judgment in favor of the IRS on the whistleblower, retaliation, and disability discrimination claims. Coons appeals the district court's grant of summary judgment.

## DISCUSSION

■ Although appeals of Merit Systems Protection Board decisions generally must be filed in the Federal Circuit Court of Appeals, district courts have jurisdiction to review "mixed" cases, in which an action involves both a Merit Systems Protection Board appeal and a discrimination claim. 5 U.S.C. § 7703(b)(2); *see also Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir.1998) (explaining section 7703 jurisdiction). This court has jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.

## I. Rehabilitation Act Claim

■ This court reviews a district court's grant of summary judgment of a Rehabilitation Act claim *de novo*. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th. Cir. 2001). "Viewing the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in her favor, we must determine whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact." *Id.*

■ Our first inquiry is whether Coons is a person with a disability as defined by the Rehabilitation Act. The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the Americans with Disabilities Act ("ADA"). 29 U.S.C. § 794(d); *see also* 29 C.F.R. § 1614.203(b); *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir.2000).

According to the ADA, an individual is disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000); *see also* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). Therefore, for summary judgment to be appropriate, there must be no genuine issue of material fact regarding whether Coons has an impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment.

### A. Physical or Mental Impairment That Substantially Limits a Major Life Activity

#### 1. Physical or Mental Impairment

■ An impairment covered under the ADA includes any physiological disorder

or condition affecting body systems such as the cardiovascular or digestive systems, and any mental or psychological disorder such as emotional or mental illness. 29 C.F.R. § 1630.2(h).

In a letter to the IRS, Coons's physician, states that Coons suffers from physical and mental impairments, including abdominal distress (affecting his digestive system), palpitations, heart pounding, and chest pain (affecting his cardiovascular system), and depression and panic disorder (emotional or mental illnesses). Therefore, examining the facts in the light most favorable to the non-moving party (accepting that the doctor's statements may be true), there is a genuine issue of material fact regarding whether Coons has such an impairment.

### 2. Substantially Limited Major Life Activities

A major life activity is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). To be substantially limited in any of these activities, a person must be unable to perform the major life activity or be "significantly restricted as to condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j); *see also Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *EEOC v. United Parcel Serv., Inc.*, 306 F.3d 794, 802 (9th Cir.2002).

At the district court summary judgment hearing, Coons identified travel as the only major life activity that was limited by his impairments.[1] There is no authority that describes air travel as a major life activity. There is, however, authority denying a plaintiff ADA relief on grounds that travel is *not* a major life activity. *See Reeves v. Johnson Controls, World Servs., Inc.*, 140 F.3d 144, 152–53 (2d Cir.1998) (holding that "everyday mobility," defined by plaintiff as, among other things, "going to unfamiliar places that would involve staying overnight," was not a major life activity).

Even if travel were a major life activity, Coons would have to show that he is either unable to travel, or that the condition, manner, or duration under which he can travel is significantly restricted as compared to that of an average person. Coons does not argue that he cannot travel because of his impairments, but only that he cannot travel extensively. Further, he does not present any evidence that the condition, manner, or duration under which he can travel is restricted in any way other than not to travel extensively.[2]

Because Coons presents no evidence or legal authority to show that his impairments substantially limit any major life activities, we hold that he is not a disabled person under the first ADA test.

---

1. Coons does not argue that he is limited in the major life activity of work. Such an argument would fail, however, because "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Deppe*, 217 F.3d at 1265. Coons, in fact, admits that he is able to work at a variety of other jobs within the IRS.

2. He does not, for example, argue that he is unable to ride in a car, train, or airplane, or that he is unable to manage even short distance flights. In fact, there is evidence that Coons was able to travel a long distance during this time for a family vacation.

## B. Record of an Impairment That Substantially Limits a Major Life Activity

■ To have a record of an impairment that substantially limits a major life activity means to have "a history of, or [have] been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k); *see also* 42 U.S.C. § 12102(2)(B); *Heisler v. Metro. Council,* 339 F.3d 622, 630 (8th Cir.2003) ("[T]he record must be of an impairment that substantially limits a major life activity.").

Coons does not provide any evidence of a history of an impairment that substantially limits any major life activity. His only evidence, the letter from his doctor, does not establish such a record. Although the doctor states that Coons suffers from various physical and mental impairments, and that Coons received treatment for some of those impairments, there is no allegation that any of the treated impairments substantially limited any major life activity.

Thus, because Coons presents no evidence of having a history of an impairment that substantially limits a major life activity, we hold that he is also not a disabled person under the second ADA test.

## C. Regarded as Having an Impairment That Substantially Limits a Major Life Activity

■ A person is regarded as being disabled if "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999); *see also* 29 C.F.R. § 1630.2(*l*)(1); *Deppe,* 217 F.3d at 1265 ("In 'regarded as' cases, the employer must perceive the individual as having an actual disability under the ADA.").

Coons presents no evidence that the IRS regarded him as having a physical impairment limiting any major life activities. Coons points only to a July 24, 1999 letter from his supervisor that states, "You [Coons] *may* be eligible for disability retirement *if* you are unable, due to disease or injury, to render useful and efficient service in your position." (Emphases added.) Clearly, the IRS was suggesting only that if Coons is disabled as he claims to be, he may be able to obtain disability benefits. Coons's supervisor does not state that he considers Coons to be eligible for such benefits, or that Coons is disabled in any way.

Coons presents no evidence that he is regarded as having an impairment that substantially limits a major life activity. Therefore, he is not a disabled person under the third ADA test.

Coons fails all three ADA tests for determining whether a person is disabled. Therefore, Coons is not a disabled person under the ADA and, consequently, he is not a disabled person under the Rehabilitation Act. For that reason, Coons's claim that the IRS discriminated against him based on a disability must fail as a matter of law. We therefore affirm the district court's grant of summary judgment on that claim.[3]

---

**3.** Because Coons is not disabled within the meaning of the Rehabilitation Act, the IRS was not required to reasonably accommodate his disability. However, we note that Coons does not dispute that the IRS, in fact, reasonably accommodated his purported disability in September 1998 by placing him in a position that would not require extensive travel.

## II. Rehabilitation Act Retaliation Claim

Even though he is not disabled under the Rehabilitation Act, we must still address Coons's retaliation claim. *See Heisler*, 339 F.3d at 630 n. 5 ("the ADA prohibits an employer from retaliating against an employee who seeks an accommodation in good faith").

■■■ A *prima facie* case of retaliation requires a plaintiff to show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir.2003) (citation and internal quotation marks omitted). The plaintiff must present "evidence adequate to create an inference that an employment decision was *based on* an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (emphasis modified) (citation and internal punctuation omitted). In other words, Coons must establish a link between his request for a reasonable accommodation and his demotion. *See id.; see also Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000). Once the plaintiff establishes a *prima facie* case, the employer has the burden to "present legitimate reasons for the adverse employment action." *Brooks*, 229 F.3d at 928. If the employer carries this burden, and plaintiff demonstrates a genuine issue of material fact as to whether the reason advanced by the employer was a pretext, then the retaliation case proceeds beyond the summary judgment stage. *Id.*

■■■ Coons was engaged in a protected activity when he requested that the IRS make reasonable accommodations for his alleged disability. Coons also suffered an adverse employment action when he was demoted. However, Coons did not establish a causal link between the two. The district court correctly held that there was no evidence of such a link. Coons merely argued that the closeness in time between his engagement in the protected activity and the adverse employment action established causality. However, Coons's request for reasonable accommodations was made a full year before his demotion. This distant time sequence was inadequate to show a causal link between his protected activity of requesting reasonable accommodations and the adverse employment action he suffered (his demotion). Therefore, Coons did not make out a *prima facie* case for retaliation.

■■■ Moreover, the IRS presented ample evidence (1) of Coons's misuse of government computers, (2) that Coons accessed sex-related sites on those computers, and (3) that Coons lied in a subsequent investigation of his misuse of government computers. In fact, the Administrative Law Judge thoroughly addressed the IRS's purported reasons for demoting Coons and devoted thirteen pages to the issue. After an exhaustive review of the evidence, the judge found that Coons did misuse his computer, that he did so intentionally, and that he intentionally lied about it during the ensuing investigation. Remarkably, Coons does not dispute this evidence. He merely asserts the fact of his demotion as evidence of discrimination based on his alleged disability. Although the misuse occurred two years before the demotion, the investigation of that misuse concluded shortly before the IRS made the decision to demote Coons.

He argues, however, that the IRS failed to *fully* accommodate him because it did not engage in the interactive process at that time.

We hold that Coons failed to make out a *prima facie* case of retaliation because he did not meet his burden of establishing a causal connection between his protected activity and his demotion. We further hold that the IRS presented legitimate other reasons for the demotion and there was no evidence that these reasons were merely a pretext. Therefore, we affirm the district court's grant of summary judgment on this claim.

## III. Civil Service Reform Act Claim/Whistleblower Protection Act

In reviewing a Merit Systems Protection Board decision, a court "shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. § 7703(c); *see also Sloan v. West,* 140 F.3d 1255, 1260 (9th Cir.1998).

Although Coons challenged in the district court the Merit Systems Protection Board's decision on several grounds relating to the Civil Service Reform Act, in this appeal he limits his argument to the Whistleblower Protection Act claim.[4]

■■■ There are four elements required to successfully prove a whistleblower claim: "(1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under section 2302(b)(8) [Whistleblower Protection Act]; (3) the acting official used his authority to take, or refuse to take, a

personnel action against the aggrieved employee; (4) the acting official took, or failed to take, the personnel action against the aggrieved employee because of the protected disclosure." *Lachance v. White,* 174 F.3d 1378, 1380 (Fed.Cir.1999) (citation and internal quotation marks omitted).

■■■ There is no dispute that an acting official of the IRS, Ah Nee, had and used his authority to take a personnel action against Coons (prongs 1 and 3). The dispute regards whether Coons's disclosures were protected under the Whistleblower Act (prong 2). Because some of Coons's disclosures are protected under the Act, and because the Merit Systems Protection Board did not address causation (prong 4), we reverse the district court's grant of summary judgment on this count and remand to the district court and instruct the court to remand to the Merit Systems Protection Board to consider whether Coons was demoted because he made these disclosures.

### A. Taxpayer A

■■■ Coons made disclosures to District Director Ah Nee regarding the IRS's handling of the cases of several taxpayers. Coons complained that these taxpayers were receiving favorable treatment. In the case of Taxpayer A, Coons alleged that a former Regional Counsel for the IRS was intervening in the matter on the taxpayer's behalf, and that he was violating post-employment conflict of interest rules. The district court held that this "was not a protected disclosure because it did not involve government misconduct." Whether or not a protected disclosure must implicate wrongdoing by current government

---

4. In district court, Coons also challenged the Merit Systems Protection Board's decision by arguing (1) that the IRS's stated reasons for his demotion were not supported by substantial evidence and (2) that his constitutional right to due process was violated. Coons does not present either argument on appeal.

employees, the Administrative Judge's finding that Coons's disclosures regarding Taxpayer A are limited to allegations about wrongdoing by a former employee is not supported by substantial evidence.

Coons clearly expressed concern that Taxpayer A's attorney was using his influence to corrupt *the IRS's* collection of taxes from Taxpayer A. Furthermore, Coons disclosed that various officials to whom he complained about the attorney's actions did nothing to address the problem. Current IRS officials have an obligation to enforce the post-employment ethics laws against former officials. *See, e.g.,* 5 C.F.R. § 2637.101(c)(6) ("Departments and agencies have primary responsibility for the administrative enforcement of the post employment restrictions found in the Act."). Thus, Coons's disclosures implicated current IRS employees who were conferring with Taxpayer A's attorney in violation of the postemployment restrictions of the Ethics in Government Act.

More importantly, it is clear from the record that Coons alleged that current IRS staff were sharing information illegally with Taxpayer A's counsel. For example, the Merit Systems Protection Board's April 11, 2000 decision states that Coons "alleged that members of the Regional Counsel staff made unauthorized disclosures to [Taxpayer A's] attorney." Importantly, District Director Ah Nee admitted that Coons's disclosure addressed wrongdoing by current IRS employees. The following is an excerpt of Ah Nee's testimony:

> Q: Did Mr. Coons ever raise any issues with you that suggested a perception on his part that there were irregularities or wrongdoing of any kind occurring with respect to the handling of the Taxpayer A case, other than the involvement of a former Regional Counsel?

> Ah Nee: He—yes. He did raise to me the concern that there may have been disclosure by Regional Counsel. . . .

> Q: In other words that, in fact, there had been an—an improper disclosure; is that correct?

> Ah Nee: That's right.

The Administrative Judge's decision discusses neither Coons's disclosures regarding unauthorized communications between a current IRS official and Taxpayer A's attorney nor Ah Nee's admission that Coons disclosed these leaks. Instead, the decision states, counter factually, that Ah Nee testified that Coons's disclosures in the Taxpayer A case "dealt exclusively with alleged, post-employment violations by the former R[egional] C[ounsel]." The Administrative Judge's finding that Coons's disclosures about wrongdoing in the Taxpayer A case were limited to "alleged wrongdoing by a former employee of the agency," is not supported by substantial evidence.

## B. Taxpayer B

In the case of Taxpayer B, Coons claims to have made disclosures regarding Ah Nee's unreasonable concessions in a tax collections case. The Merit Systems Protection Board's finding that Coons did not make a protected disclosure is supported by sufficient evidence. The Board found that the testimony of two witnesses regarding the meeting, at which Coons allegedly made the disclosures, was more credible than Coons's own uncorroborated testimony. There is no indication that this finding is arbitrary, capricious, or an abuse of discretion.

## C. Taxpayer D

Coons also alleges he made a protected disclosure regarding a possible fraudulent refund for Taxpayer D. The Merit Systems Protection Board held that

even if Coons made the statements he alleges he made to Ah Nee, the disclosures are not protected. The Board held that the event

> amounted to a normal disagreement between managers over a debatable matter of internal policy, and that a disinterested observer, with knowledge of the essential fact known to and readily ascertainable by the appellant, could not reasonably have concluded that it evidenced government wrong doing of the type contemplated by the [Whistleblower Protection Act].

Coons made disclosures regarding the manual processing of a large refund that he believed to be fraudulent for Taxpayer D under highly irregular circumstances. Coons's disclosure cannot reasonably be characterized as a "normal disagreement between managers over a debatable matter of internal policy." A "disinterested observer with knowledge of the essential facts ... reasonably [would] conclude" that a disclosure alleging that the IRS, whose mission is to collect taxes, improperly processed a large, fraudulent refund for a wealthy taxpayer is an allegation of "gross mismanagement, a gross waste of funds, [or] an abuse of authority." *See* 5 U.S.C. § 2302(b)(8); *Lachance,* 174 F.3d at 1381. Therefore, we hold that the Merit Systems Protection Board's interpretation of this allegation as a policy disagreement, rather than a protected disclosure, is contrary to law.

### D. Remarks to Office of Inspector General

Coons disclosed to investigators from the Office of the Inspector General ("OIG") that "IRS senior officials interfered in some cases of wealthy or influential taxpayers resulting in preferential treatment." Coons admits that "he did not tell the agents who was giving or receiving the alleged preference" or any other de-

tails. He also admits that he did not pursue the matter further with the Office of Inspector General.

However, these statements, though unspecific, do satisfy the requirements of the Whistleblower Protection Act. A disclosure is protected by the Act if "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence gross mismanagement," a gross waste of funds, an abuse of authority, or a violation of any law, rule, or regulation. *Lachance,* 174 F.3d at 1381.

IRS senior officials interfering in the tax cases of certain wealthy individuals is certainly an abuse of authority and a violation of law. The Merit Systems Protection Board abused its discretion in finding that this disclosure was not protected under the Whistleblower Protection Act.

### E. Newspaper Disclosures

Coons gave interviews to both the *San Jose Mercury News* and the *New York Times* about his first whistleblowing complaint, and "the pressure to file favorable treatment to certain taxpayers." The Merit Systems Protection Board found that Coons's interviews with the newspapers were not protected. The Board found that the interviews appeared to violate 26 U.S.C. § 6103 (governing confidentiality of taxpayer information), and that Coons did not meet his burden under 5 U.S.C. § 2302(b)(8) of providing that these disclosures were not specifically prohibited by law. The Board found that although the taxpayers' names were not disclosed, they could be identified from published reports. This finding was supported by substantial evidence. 26

U.S.C. § 6103(b)(2)(A).[5] Furthermore, these disclosures do not support Coons's whistleblower claim because the newspaper interviews post-dated the IRS's decision to demote Coons. *See Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed.Cir. 1998). Therefore, they are not protected disclosures under the Whistleblower Protection Act.

### F.  Conclusion on Whistleblower Claim

The district court erred in finding that the Merit Systems Protection Board's decision on the whistleblower claim was not an abuse of discretion and was supported by substantial evidence. We reverse the district court's grant of summary judgment on this claim.

### CONCLUSION

Coons is not a disabled person as defined under the Rehabilitation Act. Further, Coons did not make out a *prima facie* case for retaliation under that Act. He failed to present any evidence to show that the IRS retaliated against him because he requested reasonable accommodations. Finally, Coons may have been subject to reprisals for disclosures protected under the Whistleblower Protection Act. His disclosures are protected and, therefore, the whistleblower defense was available to him. Because the Merit Systems Protection Board failed to address causation in Coons's Civil Service Reform Act claim, we reverse the district court's grant of summary judgment on that claim, remand to the district court, and instruct the court to remand this case to the Merit Systems Protection Board to consider whether Coons was demoted because of his disclosures.

The district court's grant of summary judgment is **AFFIRMED in part and REVERSED in part.**

Each party shall bear their own costs on appeal.

---

**5.** At oral argument, Coons claimed that the identities of the taxpayers were already public because he had provided the same information in the Office of Special Counsel complaint filed earlier that year. However, information specifically prohibited from disclosure (*e.g.*, taxpayer identity information per 26 U.S.C. § 6103(b)(2)(A)) remains prohibited from disclosure notwithstanding its inclusion in an Office of Special Counsel complaint. *See* 5 U.S.C. § 1213(I).