Rosemary **KALKOFEN**, Plaintiff—Appellant,

v.

William J. **HENDERSON**, in his official capacity as Postmaster General, Defendant—Appellee.

No. 03–55018.

D.C. No. 00CV1772–TW (JFS).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Nov. 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul D. Jackson, Esq., Law Offices of Paul D. Jackson, San Diego, CA, for Plaintiff–Appellant.

Steven J. Poliakoff, USSD—Office of The U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Rosemary Kalkofen appeals the district court's grant of summary judgment in favor of the Postmaster General. The district court held that Kalkofen was not a "qualified individual" for the purposes of the Rehabilitation Act, and that she failed to raise triable issues of fact as to her discrimination and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo and view the evidence in the light most favorable to Kalkofen. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003).

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Kalkofen argues that an earlier EEOC finding is res judicata and precludes the USPS from challenging her qualified status. However, a change in circumstances can justify reconsideration of an issue previously decided. *Kirkbride v. Cont'l Gas Co.*, 933 F.2d 729, 732 (9th Cir.1991). The Postal Service's provision of reasonable accommodations and Kalkofen's new injury constitute a change in circumstances.

In order to maintain a Rehabilitation Act claim, Kalkofen must establish that she is a qualified individual. In other words, she must be able to perform the essential functions of her job with or without reasonable accommodations. *See Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir.1990). Because we conclude that the accommodations provided by the USPS were reasonable, and there is undisputed evidence that Kalkofen was unable to perform the essential functions of her job, we hold that summary judgment in favor of the Postmaster General is appropriate.

Kalkofen likewise failed to establish a prima facie retaliation claim. Although she did engage in a protected activity by filing an EEOC complaint, she did not show a causal link between the adverse employment action and the protected activity. *See Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir.2004).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.