Donald THOMPSON, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, Defendant–Appellee.

No. 05–17101.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007 *.

Filed Oct. 26, 2007.

Paul A. Wright, Esq., Law Office of Paul A. Wright, Oakland, MI, for Plaintiff–Appellant.

---

cation and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Jones, Senior United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James C. Hair, Jr., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI **, Chief Judge, United States Court of International Trade.

MEMORANDUM ***

Appellant Donald Thompson (Thompson) challenges the district court's entry of summary judgment in favor of the United States Postal Service (USPS) on his Rehabilitation Act and retaliation claims.

1. Thompson's "regarded as" claim fails as a matter of law, because he did not demonstrate that his "employer regards [him] as substantially limited in a major life activity and not just unable to meet a particular job performance standard." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir.2007), *as amended* (citation omitted).

2. Thompson failed to raise an issue of material fact that his allergic reaction to wax fumes constitutes a qualified disability, as he "present[ed] no evidence or legal authority to show that his impairments substantially limit any major life activities ..." *Coons v. Sec'y of the U.S. Dept. of the Treasury*, 383 F.3d 879, 885 (9th Cir.2004).

3. Thompson failed to raise a material issue of fact regarding his ability to perform his essential job functions, or regarding the availability of a reasonable accommodation. *See Dark v. Curry Co.*, 451 F.3d 1078, 1089 (9th Cir.2006) ("The ADA does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees.") (citations omitted). Thompson also did not establish a genuine issue of material fact regarding the USPS's good faith interactive process, as the USPS was unable to provide a reasonable accommodation without information regarding Thompson's specific medical restrictions.

4. In the alternative, summary judgment was appropriate because Thompson "posed a direct threat to the health or safety of other individuals in the workplace." *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir.1999) (citation and internal quotation marks omitted); *see also Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023, 1026 (9th Cir.2003) (recognizing that the direct threat defense covers threats to the employee's health).

5. The district court properly granted summary judgment on Thompson's retaliation claim, as Thompson did not "present evidence adequate to create an inference that an employment decision was *based on* an illegal discriminatory criterion." *Coons*, 383 F.3d at 887 (citation and internal quotation marks omitted) (emphasis in the original).

**AFFIRMED.**

---

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.