**Donald CHAPMAN, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service; et al., Defendants—Appellees.**

No. 06–16600.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed Nov. 10, 2008.

William R. Hobson, Esquire, Chandler, AZ, for Plaintiff-Appellant.

Peter Michael Lantka, Assistant U.S., USPX, Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

MEMORANDUM **

Donald Chapman ("Chapman") appeals the district court order granting defendant United States Postal Service's ("USPS") motion for summary judgment on Chapman's claims for discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, and retaliation. We review the district court's order *de novo* to determine whether there are any genuine issues of material fact for trial. *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1063 (9th Cir.2005). We can affirm the grant of summary judgment on any ground supported by the record. *See Enlow v. Salem–Keizer Yellow Cab Co.,* 371 F.3d 645, 649 (9th Cir.2004).

In order to survive summary judgment on his Rehabilitation Act claim, Chapman must establish that there is a genuine issue of material fact as to whether "he is (1) an individual with a disability, (2) otherwise qualified and (3) subjected to discrimination solely by reason of his disability." *Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1174 (9th Cir.1998) (per curiam). Summary judgment in favor of USPS was appropriate because no reasonable factfinder could have concluded that Chapman was a "qualified individual" or that he was terminated solely because of his disability.[1] Chapman concedes that he was unable to move mail. USPS was not required to exempt Chapman from performing this duty, which the job description makes clear is an essential function.

1. We assume without deciding that there is a genuine issue of material fact as to whether Chapman is disabled within the meaning of the Rehabilitation Act.

*See Dark v. Curry County,* 451 F.3d 1078, 1087, 1089 (9th Cir.2006). Moreover, USPS offered to accommodate Chapman by reassigning him to a different craft, but Chapman refused to apply. Accordingly, he was not terminated "solely" because of his disability; he was terminated because he refused to accept reasonable accommodation. Summary judgment was therefore appropriate.

Turning to Chapman's retaliation claim, we must affirm if no reasonable factfinder could conclude that USPS's reason for putting him on non-pay status—that there was no work for him to do—was pretextual. *See Coons v. Sec. of U.S. Dep't of Treasury,* 383 F.3d 879, 887 (9th Cir.2004). Chapman has failed to submit any evidence suggesting that there was work that he could do. In fact, he admits that he could not perform the essential functions of his job. Accordingly, USPS was entitled to summary judgment.

**AFFIRM.**