FILED

MAY 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES V. SWINNIE,

          Plaintiff - Appellant,

  v.

PETE GEREN,

          Defendant - Appellee.

No. 09-35515

D.C. No. 3:08-cv-05073-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 6, 2010
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[**]

    James V. Swinnie appeals the district court's order dismissing in part and

granting summary judgment in part to Secretary of the Army Pete Geren on

Swinnie's claims of unlawful discrimination under Title VII of the Civil Rights

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

Act of 1964 and the Rehabilitation Act. The parties are familiar with the factual and procedural history of this case and we do not review that history in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

We affirm the district court's dismissal of Swinnie's hostile work environment claim under Title VII. Swinnie's Equal Employment Opportunity (EEO) complaint alleged discrete acts of discrimination but would not have put the EEO investigator on notice of a pattern of conduct "sufficiently severe or pervasive" so as to create an "abusive work environment." *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003). Because the hostile work environment claim was not included in Swinnie's administrative complaint, the district court properly dismissed it as unexhausted. *See B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1100 (9th Cir. 2002).

We also affirm the district court's grant of summary judgment with respect to Swinnie's race discrimination claim under Title VII and his disability discrimination claim under the Rehabilitation Act.[1] Swinnie did not present a prima facie case of race discrimination because the record shows that several

---

[1] Swinnie does not pursue on appeal the gender discrimination claim that he advanced in the district court.

2

similarly situated individuals outside of his protected class received fewer hours than Swinnie, while one African American co-worker was at or near the top in hours during the relevant pay period. Swinnie does not present evidence that "similarly situated" employees outside Swinnie's protected class received better hours. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1031 (9th Cir. 2006). The speculative statements by Robin Clark and Lonnie Bennett regarding disfavored shift assignments do not establish a prima facie claim. As to Swinnie's disability discrimination claim under the Rehabilitation Act, the district court correctly ruled that Swinnie did not show that his anxiety and depression impaired a major life activity and thus constituted a disability within the meaning of the Americans with Disabilities Act. Absent a showing of disability, Swinnie's Rehabilitation Act claim—which encompassed his exhausted disability accommodation claim—was not valid. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884, 886 (9th Cir. 2004). The district court properly granted summary judgment rejecting this claim.

Our analysis with respect to Swinnie's claims of retaliation in violation of Title VII is different. Although we agree that undisputed evidence demonstrated that Swinnie's reassignment to the Main Post TMP and the failure to renew Swinnie's term appointment were based on his own doctors' recommendations and

3

were not retaliatory, by contrast Swinnie's retaliation claim based on the circulation of the two petitions should have survived summary judgment. Following *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), we ask whether an action was "materially adverse" because it "could well dissuade a reasonable worker from making or supporting a charge of discrimination," even if it did not affect "the terms and conditions of employment." *Id*. at 57. Swinnie declared that he was offended and disparaged by the content of the petitions and the fact that they were circulated to many of his co-workers. At least one petition was drafted by Beth Mosher, the person responsible for scheduling his hours and assignments and therefore arguably in a supervisory role as Swinnie alleged in his Complaint and subsequent Opposition to Summary Judgment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 790 (1998) (holding that actions that have "tangible results," such as a change in "work assignments," "have resulted in employer liability once discrimination was shown"). Swinnie additionally alleged that Mosher's supervisors knew of the petitions and tolerated them by not disciplining Mosher for their circulation. Finally, our precedent makes clear that materially adverse co-worker retaliation, like supervisor retaliation, is actionable under Title VII. *See, e.g.*, *Fielder v. UAL Corp.*, 218 F.3d 973, 984–85 (9th Cir. 2000), *vacated on other grounds*, 536 U.S. 919 (2002). Swinnie claimed the

4

petitions sent a "clear message" that anyone who submitted an EEO complaint would face disparaging allegations about his or her character, and these allegations give rise to a genuine issue of material fact as to whether Swinnie suffered retaliation based on the circulation of the two petitions. Because there is a genuine issue of material fact as to whether the petitions would have dissuaded a reasonable person from engaging in protected activity, and as to whether Mosher was a supervisor of Swinnie or alternatively whether management tolerated her actions, the retaliation claim based on the two petitions should have gone to the jury. We reverse the district court's grant of summary judgment on that ground.

On remand, the district court must also consider, in the first instance, the following claims raised and exhausted by Swinnie, but not addressed by the district court: (1) Mosher's opposition to Swinnie's worker's compensation claim as retaliation for Swinnie's EEO complaint; (2) Carlo Sallinger's interference with Swinnie's return to work as retaliation for the EEO complaint; and (3) Sallinger's attempt to obtain false statements about Swinnie from Timothy Jones, Swinnie's supervisor at the Main Post TMP, as retaliation for the EEO complaint.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED, AND REMANDED IN PART.**