**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA BLANCHARD, | No. 10-55524 |
| Plaintiff-Appellant, | D.C. No. CV-07-07921-DDP-FFM |
| v. | |
| RAY H. LAHOOD, Secretary of the United States Department of Transportation, Federal Aviation Administration, FLOR RAMOS, individually and in his capacity as Director of a Division in the FAA, | MEMORANDUM * |
| Defendants-Appellants. | |

Appeal from the United States District Court
Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted November 18, 2011 **
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.***

Barbara Blanchard appeals the district court's entry of summary judgment in favor of Defendant United States Department of Transportation, Federal Aviation Administration ("the Department") and FAA Director Flor Ramos, on her claims for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a), and failure to accommodate under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment *de novo*, drawing all reasonable inferences in favor of Blanchard, the non-movant. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 547 (9th Cir. 2011). Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

A plaintiff must prove the following in order to establish a prima facie case of retaliation: (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action by her employer; and (3) there was a causal link between the two events. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). If the plaintiff meets her burden, the burden then shifts to the defendant to articulate a

---

***     The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

legitimate, non-discriminatory reason for the challenged action. *See id*. If the defendant satisfies its burden, the plaintiff then must produce evidence tending to show that the asserted reasons were a pretext for retaliation. *See id*.

The district court concluded Blanchard could not establish that there was a causal connection between her 2003 Equal Employment Opportunity (EEO) complaint and any retaliatory actions.

We agree with the district court's determination that the lapse of time between the EEO complaint and the adverse actions at issue was too tenuous. Ramos did not meet Blanchard until November of 2004, almost one year after Blanchard's EEO complaint was resolved. He did not become her supervisor until October of 2005.

Blanchard correctly argues that it is causation, and not temporal proximity alone, which is an element of a plaintiff's retaliation claim. *See Porter v. California Dept. of Corrections*, 419 F.3d 885, 894-95 (9th Cir. 2005). However, Blanchard offers nothing more than speculation in arguing that there is a causal connection between her protected activity and any adverse employment actions. Therefore, we conclude that Blanchard is unable to assert a prima facie case of retaliation.

"To state a prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007). "[A]n individual is

disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citations omitted).

An employer discriminates against an employee by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting 42 U.S.C. § 12112(b)(5)(A)).

Blanchard appears to claim that the denial of her requests for advanced sick leave constituted a failure to provide a reasonable accommodation. Because Blanchard declined to provide additional information about her medical condition upon request, we disagree. The record establishes that each of Blanchard's requests for accrued annual and sick leave, as well as leave without pay, were approved. We conclude there is no genuine dispute regarding whether Blanchard's employer discriminated against her on the basis of a disability.

Although Blanchard now argues that the Department failed to initiate and engage in the required interactive process, she acknowledges that she did not raise the issue before the district court. We generally do not consider issues raised for the first

4

time on appeal.  *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED.**