NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO VELASQUEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MEGAN J. BRENNAN[*], Postmaster General, United States Postal Service, <br><br> Defendant-Appellee. | No. 14-15016 <br><br> D.C. No. 3:11-cv-03444-JSW <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 14, 2017[***]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Rudolfo Velasquez appeals pro se from the district court's judgment

---

[*]     Megan J. Brennan has been substituted for her predecessor, Patrick R. Donahoe, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, Velasquez's request for oral argument, set forth in the reply brief, is denied.

dismissing his action alleging discrimination and retaliation in connection with the termination of his employment with the United States Postal Service. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005) (judgment on the pleadings); *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (summary judgment). We affirm.

The district court properly dismissed Velasquez's disability discrimination claim because Velasquez failed to state a claim for relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). *See Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) ("A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (setting forth elements of a disability discrimination claim under the Rehabilitation Act).

The district court properly granted summary judgment on Velasquez's retaliation claim because Velasquez failed to raise a genuine dispute of material fact as to whether there was a causal connection between his protected activity and his termination. *See Coons v. Secretary of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (setting forth elements of a retaliation claim under the

14-15016

Rehabilitation Act and rejecting plaintiff's contention that mere closeness in time established causality).

**AFFIRMED.**