NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VERONICA ORTEGA-GAMEZ,

Plaintiff-Appellant,

v.

ANAHEIM UNION HIGH SCHOOL
DISTRICT; et al.,

Defendants-Appellees.

No.    18-55832

D.C. No.
8:16-cv-01562-AG-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted November 15, 2019[**]
Pasadena, California

Before: M. SMITH, MILLER, and COLLINS, Circuit Judges.

Veronica Ortega-Gamez, a former school psychologist for the Anaheim

Union High School District, appeals from the district court's order granting

summary judgment in favor of the District on her claims of retaliation and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

interference with protected leave. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Ortega-Gamez's retaliation claims under the Rehabilitation Act and California's Fair Employment and Housing Act (FEHA) are governed by the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013). Even assuming that Ortega-Gamez established the elements of a prima facie claim of retaliation, she did not create a genuine issue of material fact as to whether the District's proffered legitimate, nonretaliatory reasons for her demotion were pretextual. Where, as here, a plaintiff relies on circumstantial evidence, her evidence of pretext "must be both specific and substantial." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002); *Lawler*, 704 F.3d at 1244. Ortega-Gamez did not carry her burden. To the contrary, as the district court observed, "[c]oncerns about Plaintiff's job performance were . . . well documented and corroborated." Ortega-Gamez asserts that she had a "flawless performance history" before she made a complaint, but she presented no evidence that her performance deficiencies—which were noted by her colleagues, not by supervisors—were somehow fabricated or exaggerated.

2. To establish a claim of retaliation under the California Family Rights

Act (CFRA), Ortega-Gamez must show that she "suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave." *Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 744 (Cal. Ct. App. 2007) (citation omitted). Here, Ortega-Gamez failed to show that her CFRA-protected leave affected her demotion. Even if she had made such a showing, she could not prevail because, as noted above, she did not establish that the District's nonretaliatory reasons for her demotion were pretextual. Significantly, by extending her leave past the 12-week period, the District provided Ortega-Gamez with benefits beyond what CFRA requires. *See Nelson v. United Techs.*, 88 Cal. Rptr. 2d 239, 250 (Cal. Ct. App. 1999) ("To say that [defendant] provided [plaintiff] with more benefits than the CFRA required while simultaneously intending to fire him for exercising his CFRA rights requires a leap we are not prepared to take.").

To establish a claim for interference under CFRA, Ortega-Gamez must show that the District "denied [her CFRA] benefits to which [she] was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). There is no legal support for Ortega-Gamez's assertion that the communications she received while on leave materially interfered with her CFRA benefits. *See* Cal. Code Regs. tit. 2, § 11094.

3.    To establish a claim of retaliation under the First Amendment, Ortega-

Gamez must show that she "spoke as a private citizen." *Eng v. Cooley*, 552 F.3d 1062, 1070–72 (9th Cir. 2009). Ortega-Gamez's alleged protected speech related to her employment as a school psychologist. Specifically, she made recommendations for changes within her department, provided those recommendations to her supervisor, and reported deficiencies within her department to the California Department of Education. In so doing, she was acting within the scope of her duties in an effort to improve the operations of her employer. Because Ortega-Gamez spoke as a public employee, she cannot prevail on her First Amendment claim. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 966 (9th Cir. 2011).

**AFFIRMED**.