NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNIFER TOM,

    Plaintiff-Appellant,

 v.

MARTIN O'MALLEY,[*] Commissioner of
Social Security,

    Defendant-Appellee.

No. 22-16977

D.C. No. 4:19-cv-06322-JST

MEMORANDUM[**]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted April 30, 2024[***]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff Jennifer Tom, a former Benefit Authorizer at the Social Security

---

  [*]  Martin O'Malley is substituted for his predecessor Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, as Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

  [**]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Administration ("SSA"), alleged several employment-related claims against the SSA arising from her alleged perfume sensitivity. Because we assume the parties' familiarity with the facts, we recount them here only as necessary. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the district court's order granting partial summary judgment to the SSA and the district court's bench trial determinations in favor of the SSA.

1. We review the district court's grant of summary judgment de novo. *See Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021).

A. The district court correctly granted summary judgment on Tom's disability discrimination claims because Tom failed to demonstrate that she suffered illegal discrimination because of her disability. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (citation omitted).

Tom requested that she be allowed to telework full-time, and that she be given a fourth laptop, after she complained that the previous three laptops assigned to her were contaminated. The district court concluded that Tom failed to show that her requested accommodations were "reasonable on [their] face," that is, "ordinarily or in the run of cases." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002). We agree, as the SSA was "not obligated to provide an employee the accommodation he requests or prefers"—it need "only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089

2

(9th Cir. 2002) (citation omitted).

Throughout Tom's employment, the SSA provided multiple, reasonable accommodations in response to her requests. Tom did not dispute the accommodations and instead claimed that they did not "enable[] [her] to return to work full time." But Tom has failed to show that her request to telework full-time, considering the many accommodations provided to her by the SSA, was "reasonable on its face" or "ordinarily or in the run of cases." *Barnett*, 535 U.S. at 401–02. We thus affirm the district court's grant of summary judgment on Tom's disability discrimination claims.

B.     The district court correctly granted summary judgment on Tom's claim that her termination was retaliatory. The district court concluded that, even assuming Tom made out a prima facie retaliation case, *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004), 1) the SSA presented unrebutted legitimate reasons for her termination; and 2) Tom failed to show the proffered reasons for her termination were pretext. The SSA offered evidence that Tom was Absent Without Leave (AWOL) on more than 70 occasions. Tom did not dispute this evidence. Nor did Tom proffer any evidence showing her termination for being AWOL was pretextual.

C.     The district court also correctly granted summary judgment as to Tom's disparate treatment claims. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599,

603 (9th Cir. 2004). The district court concluded that Tom had not presented evidence that "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603. Tom has failed to identify any evidence that the SSA subjected her to disparate treatment when deciding to remove her for being AWOL.

2.      The district court correctly entered judgment for the SSA on Tom's hostile work environment claims. This court recently joined a number of circuit courts to hold that hostile work environment claims are cognizable under both the Americans with Disabilities Act and the Rehabilitation Act. *Mattioda v. Nelson*, -- F.4th ----, 2024 WL 1710665, at *7 (9th Cir. Apr. 22, 2024) (discussing and endorsing the Fifth Circuit's decision in *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229 (5th Cir. 2001)). Tom alleges a hostile work environment based on actions by her co-workers and her supervisor Tammie Doan. "An employer's liability for harassing conduct is evaluated differently when the harasser is a supervisor as opposed to a coworker." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119 (9th Cir. 2004).

A.      The district court correctly granted the SSA summary judgment as to Tom's co-workers' alleged harassing behaviors. The district court correctly determined that Tom failed to present evidence that SSA failed to take "prompt

4

remedial action" in response to Tom's several complaints.

B.    As to supervisor Doan's actions, the district court initially determined that Tom had created a triable issue as to supervisor harassment. After a bench trial, the district court found in favor of the SSA. In reviewing a judgment following a bench trial, we review the district court's findings of fact for clear error and its legal conclusions de novo. *See Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 970 (9th Cir. 1994).

Tom needed to establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) (quoting *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998)); *see also Mattioda*, 2024 WL 1710665 at *8. This required her to prove that her "workplace was 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that [she] in fact did perceive to be so.'" *Nichols*, 256 F.3d at 871–72 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)); *see also Mattioda*, 2024 WL 1710665 at *9.

Tom accused Doan of five instances of harassment. The district court carefully evaluated the five alleged instances and concluded that a reasonable person would not find the encounters between Tom and Doan severe or pervasive enough to alter the conditions of Tom's employment and create an abusive

5

working environment. Because we find no clear error in the district court's findings, we affirm its bench trial determinations.

**AFFIRMED.**