**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER N. GOLDEN, | No. 24-6209 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-08550-RGK-MRW |
| v. | |
| ALEJANDRO NICOLAS MAYORKAS, Secretary of Homeland Security, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES OF AMERICA, ROSALIND CARTER, MAUREEN KILLIAN-LARIOS, NANCY ALBY, ARNULFO URIAS, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 6, 2025
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GILMAN, GOULD, and KOH, Circuit Judges.[**]

Alexander Golden appeals from the district court's order granting summary judgment in favor of Secretary Alejandro Mayorkas, United States Secretary of Homeland Security ("Defendant"). Golden is a former Department of Homeland Security ("DHS") employee with autism. Golden alleges that DHS discriminated and retaliated against him, in violation of the Rehabilitation Act, 29 U.S.C. § § 701, *et seq*. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and remand for further proceedings.

We review de novo a grant of summary judgment, considering the evidence in the light most favorable to Golden and drawing all reasonable inferences in his favor as the nonmoving party. *See Hittle v. City of Stockton*, 101 F.4th 1000, 1011 (9th Cir. 2024).

(1) We affirm the district court's grant of summary judgment as to Golden's retaliation claim. To establish a *prima facie* case of retaliation under the Rehabilitation Act, a plaintiff must show "'(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" *Coons*

---

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

*v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). The district court correctly found that Golden had not engaged in a protected activity.

The activity that Golden allegedly engaged in was his January 4, 2022 email that disclosed his autism to his supervisor, Rosalind Carter. But this disclosure came after Carter informed Golden that the United States Citizenship and Immigration Services had video footage that was inconsistent with Golden's report of his fall. In response to the disclosure, Carter explicitly asked Golden whether there were any accommodations that could help Golden perform his work, and Golden responded that there were none. Nothing in the record supports that Golden's email was an assertion of his rights under the Rehabilitation Act. Even if Golden's email could be construed as an attempt to request a reasonable accommodation, an accommodation that simply excuses past misconduct is unreasonable as a matter of law and does not constitute protected activity under the Rehabilitation Act.

(2)     We reverse and remand the district court's grant of summary judgment as to Golden's disability discrimination claim. To state a *prima facie* case under the Rehabilitation Act, Golden was required to show that "(1) he is a person with a disability; (2) otherwise qualified for employment; and (3) suffered discrimination because of his disability." *Mattioda v. Nelson*, 98 F.4th 1164, 1178

(9th Cir. 2024).

The parties do not dispute that Golden is an individual with a disability. Golden has autism.

The district court concluded that Golden was not otherwise qualified for his role as an Immigration Services Officer because he made inaccurate statements about his fall. But there is a genuine dispute of material fact regarding whether Golden was qualified for his role as an Immigration Services Officer. Golden disputes the district court's finding, arguing that he can do all the essential functions of the job without an accommodation. Golden's expert witness, Dr. Lord, concluded that Golden's "autism would not prevent [him] from carrying out this job effectively." She explained that his inaccurate memory of his fall was "directly linked to episodic memory deficits associated with autism" and the "effects of trauma."

We therefore conclude that a genuine dispute of material fact exists as to whether Golden was qualified, and we reverse the district court's determination on that issue. Because the district court found that Golden failed to establish a *prima facie* case of discrimination for failure to demonstrate that he was qualified, the district court did not reach Defendant's remaining arguments. We decline to do so in the first instance and remand for further consideration by the district court consistent with this disposition. *See Ecological Rts. Found. v. Pac. Lumber Co.*,

230 F.3d 1141, 1154 (9th Cir. 2000).

**REVERSE, IN PART, AND REMAND.**