MEMORANDUM **
Fannie Williams-Windom appeals the district court’s grant of summary judgment in favor of the Postmaster General of the United States Postal Office (“USPS”). Williams-Windom filed an action against her employer, the USPS, for discrimination on the basis of race, gender, age, and disability, and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 623; and the Rehabilitation Act of 1973 (“Rehabilitation Act”), 29 U.S.C. § 794. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them only as necessary.
The district court did not err by granting the USPS’s summary judgment motion on Williams-Windom’s claims of discrimination based on race, gender, and age in violation of Title VII and the ADEA, and her retaliation claim. Williams-Windom *66 failed to show that the USPS’s articulated reasons were pretextual. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062-68 (9th Cir.2002).
Further, the district court did not err by granting the USPS's summary judgment motion on Williams-Windom's claims of discrimination on the basis of disability in violation of the Rehabilitation Act. Williams-Windom failed to proffer any evidence that she had a "disability" as defined by the Rehabilitation Act, 29 U.S.C. § 705(20), see also 42 U.S.C. § 12102, as required to make a prima facie case of discrimination under the Rehabilitation Act. See Toyota Motor Mfg., Ky., Inc., v. Williams, 534 U.S. 184, 201-02, 122 5.Ct. 681, 151 L.Ed.2d 615 (2002); Coons Sec'y of U.S. Dep't. of Treasury, 383 F.3d 879, 884 (9th Cir.2004).
 Finally, the district court did not abuse its discretion by denying Williams-Windom's Rule 56(t) motion; the district court had already granted her requests for continuances, and Williams-Windom did not diligently pursue her previous discovery opportunities. See Qualls v. Blue Cross of Cal., Inc., 22 F.Sd 839, 844 (9th Cir.1994). We need not reach Williams-Windom's additional objections to the district court's evidentiary rulings, which she raises for the first time in her reply brief. "Issues raised for the first time in the reply brief are waived." Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.