**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL ANDERSON, | No. 09-35499 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05171-BHS |
| v. | |
| KATHLEEN SEBELIUS,[*] Secretary of Department of Health and Human Services, | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 5, 2010[***]

---

[*] Kathleen Sebelius is substituted for her predecessor, Michael Leavitt, as Secretary of Health and Human Services, pursuant to Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Carl Anderson appeals pro se from the district court's summary judgment in his action alleging discrimination in violation of Title VII and the Age Discrimination In Employment Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Anderson's discrimination claims because he failed to create a triable issue as to whether his supervisors' legitimate, nondiscriminatory reasons for their actions were a pretext for discrimination. *See Leong v. Potter*, 347 F.3d 1117, 1124-25 (9th Cir. 2003) (affirming summary judgment on Title VII claims where plaintiff did not raise a genuine issue of material fact as to whether employer's legitimate, nondiscriminatory reason for challenged employment action was a pretext for an impermissible motive); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000) (explaining that to survive summary judgment on an Age Discrimination in Employment Act claim, the plaintiff must create a triable issue as to whether the employer's proffered reasons for the adverse employment action were a pretext for discrimination).

The district court properly granted summary judgment on Anderson's retaliation claim because he failed to show a causal connection between his complaints to the Equal Employment Opportunity Commission and the adverse employment decision. *See Coons*, 383 F.3d at 887-88.

Anderson's remaining contentions are unpersuasive.

**AFFIRMED.**