**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CARLOS RODRIGUEZ, | No. 12-57198 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01339-CJC-PJW |
| v. | |
| C. WU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Jose Carlos Rodriguez appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2005). We affirm.

The district court properly dismissed Rodriguez's deliberate indifference claim because Rodriguez failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to Rodriguez's health by determining that Rodriguez did not need soft shoes and arch supports for his feet. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, met only if the defendant knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient); *see also Corales v. Bennet*, 567 F.3d 554, 570 (9th Cir. 2009) (no supervisor liability if no underlying constitutional violation); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure.").

The district court properly dismissed Rodriguez's claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act because the claims were based on inadequate treatment. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (same standards apply to the ADA and Rehabilitation Act).

The district court did not abuse its discretion by denying Rodriguez's request for leave to file a third amended complaint after providing Rodriguez with two opportunities to amend and concluding that further amendment would be futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider issues raised by Rodriguez in his brief which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**