**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN M. TAYLOR,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>DEPARTMENT OF THE AIR FORCE;<br>DEBORAH LEE JAMES,<sup>*</sup> Secretary of<br>the United States Air Force,<br><br>    Defendants - Appellees. | No. 12-15843<br><br>D.C. No. 2:08-cv-00869-JAM-DAD<br><br>MEMORANDUM<sup>**</sup> |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 23, 2014[***]

Before:  W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Karen M. Taylor appeals pro se from the district court's summary judgment

---

  [*]  Deborah Lee James has been substituted for her predecessor, Michael B. Donley, as Secretary of the Air Force under Fed. R. App. P. 43(c)(2).

  [**]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in her employment action alleging violations of Title VII and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we may affirm on any basis supported by the record. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Taylor's racial and disability discrimination claims because Taylor failed to raise a genuine dispute of material fact as to whether defendants' legitimate, nondiscriminatory reasons for their actions were pretextual. *See id.* at 1155-56, 1158 (providing framework for analyzing a discrimination claim under Title VII and noting that circumstantial evidence of pretext must be specific and substantial); *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990) (elements of a disability discrimination claim under the Rehabilitation Act); *see also Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmovant "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact").

The district court properly granted summary judgment on Taylor's hostile work environment claim because Taylor failed to raise a triable dispute as to whether she was subject to conduct that was racially motivated in nature, and whether defendants' conduct was sufficiently severe or pervasive to alter the

12-15843

conditions of her employment and create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (elements of a race-based hostile work environment claim); *see also Pelletier*, 968 F.2d at 872.

The district court properly granted summary judgment on Taylor's retaliation claim because Taylor failed to raise a triable dispute as to whether defendants' legitimate, non-retaliatory reasons for their actions were pretextual. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (elements of a retaliation claim under Title VII); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1069-70 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial; timing alone may be insufficient to establish a causal link between an alleged protected activity and an alleged adverse employment action).

Summary judgment on Taylor's failure-to-accommodate claim was proper because Taylor failed to raise a triable dispute as to whether she was denied a reasonable accommodation. *See Buckingham v. United States*, 998 F.2d 735, 739-41 (9th Cir. 1993) (discussing an employer's affirmative obligation to provide reasonable accommodations to qualified individuals with disabilities); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the Americans with

Disabilities Act ('ADA')."); *Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1156 (9th Cir. 1999) ("[T]he ADA does not impose a duty to create a new position to accommodate a disabled employee.").

We reject Taylor's contentions concerning alleged judicial bias due to her pro se status, defendants' use of her deposition transcript, and any claims not set forth in her operative complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**