FILED

**NOT FOR PUBLICATION**

OCT 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA ELLEN SHERRILL, | No. 13-17670 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-00266-RCC |
| v. | |
| PENNY PRITZKER, Secretary, U.S. Department of Commerce,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted October 14, 2015[***]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Barbara Ellen Sherrill, a former federal employee, appeals pro se from the

district court's judgment dismissing her action alleging violations of Title VII and

---

[*]    Penny Pritzker has been substituted for her predecessor, Rebecca M. Blank, as Secretary of Commerce under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the Whistleblower Protection Act. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We may affirm on any

ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534

F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Sherrill's Title VII discrimination and

retaliation claims because Sherrill failed to allege facts sufficient to show that

defendant discriminated against her because of her sex or retaliated against her for

any protected conduct. *See Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1074

(9th Cir. 2002) (en banc) ("[I]n order for harassment to be actionable [under Title

VII] it has to be a type of discrimination 'because of' race, color, religion, sex, or

national origin."); *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988)

("[T]he opposed conduct must fairly fall within the protection of Title VII to

sustain a claim of unlawful retaliation").

Dismissal of Sherrill's Whistleblower Protection Act claim was proper

because Sherrill failed to allege facts sufficient to show that defendant took any

personnel action because Sherrill made a protected disclosure. *See Coons v. Sec'y*

*of U.S. Dep't of Treasury*, 383 F.3d 879, 888 (9th Cir. 2004) (elements of a

Whistleblower Protection Act claim).

The district court did not abuse its discretion in denying Sherrill's motion for recusal because Sherrill filed it after her case was closed. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (standard of review); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

We reject Sherrill's contentions that the district court was biased against her and violated her constitutional rights by dismissing her action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-17670