**Maria Luz MARTINEZ; Eduardo Martinez, Plaintiffs— Appellants,**

**v.**

**Perry TARRANT, Sgt.; Bobby Martin, Sgt.; Robert Callan, Officer, Badge No. 23302; Paul Albert Patterson, Officer; Robert Allen, Officer; K. Vaughn, Officer, Defendants—Appellees.**

No. 02–15991.

D.C. No. CV–99–00332–WWE.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2003.[*]

Decided March 24, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM **

■ 1. Even assuming that the substitution motion served to retract Plaintiffs' express waiver regarding Judge Marquez's familial relationships, Plaintiffs never asked Judge Eginton to revisit rulings on the ground of Judge Marquez' alleged partiality. The failure to object to those rulings when the district court still had an opportunity to correct any irregularity constitutes acquiescence. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 868, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (stating that remedies for violations of the recusal statute depend on making "a timely request for relief"); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108–09 (9th Cir.2001) (stating that failure to raise issues or raising issues too late constitutes waiver); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir.1992) ("To hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke [recusal] in order to get a second bite at the apple.").

■ 2. The district court did not abuse its discretion by denying leave to present Plaintiff's expert witness, who was disclosed after the court's deadline for discovery had passed. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir.1988) ("District court judges possess broad authority to regulate the conduct of discovery...."). Plaintiffs did not demonstrate that the late disclosure was due to excusable neglect. Fed. R.Civ.P. 6(b). Nor did Plaintiffs demonstrate that the failure to comply with mandatory disclosure requirements within the discovery period was "substantial[ly] justifi[ed]" or "harmless." Fed.R.Civ.P. 37(c)(1).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.