NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN G. GARCIA,

          Plaintiff - Appellant,

  v.

JEH JOHNSON, Secretary, Department of
Homeland Security,

          Defendant - Appellee.

No. 13-16409

D.C. No. 4:11-cv-00022-BPV

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,[**] District
Judge.

    This appeal arises from the District Court's grant of summary judgment to

Defendant-Appellee Jeh Johnson, Secretary of the Department of Homeland

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Security ("DHS" or "Defendant"), and denial of several other motions. Plaintiff-Appellant Steven Garcia ("Garcia" or "Plaintiff") was a probationary employee at U.S. Immigrations and Customs Enforcement ("ICE") who was fired for misconduct. Garcia, an Iraq War veteran, claims that the misconduct was caused by post-traumatic stress disorder ("PTSD") and as such, his termination violated the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* Garcia appeals the District Court's grant of summary judgment, denial of his motion to strike the Declaration of Matthew Allen ("Allen Declaration") and for sanctions, and denial of his motion to disqualify the U.S. Attorney's Office for the District of Arizona ("USAO") and ICE's Office of General Counsel ("ICE OGC") as counsel for Defendant.

1. We review a district court's discovery rulings, "'including the imposition of discovery sanctions, for abuse of discretion.'" *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1245 (9th Cir. 2012) (internal citation omitted). When a motion is denied as moot, however, review is de novo. *See Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522 (9th Cir. 1998). DHS's written discovery corrected any aspects of the initial disclosures that were not correct, as required by Rule 26(a) and (e) of the Federal Rules of Civil Procedure. As such, the denial of the motion to strike the Allen Declaration and for sanctions is affirmed.

**2.** To establish a prima facie case of discrimination under the Rehabilitation Act, Garcia must show that (1) he is disabled (which the parties do not contest); (2) he is qualified with or without reasonable accommodation; and (3) he was fired because of his disability. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (elements of a prima facie case); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (Rehabilitation Act standards). An individual is "qualified" if he can perform the essential functions, i.e., the fundamental duties, of his job. *Samper*, 675 F.3d at 1237; *Dark v. Curry Cnty.*, 451 F.3d 1078, 1087 (9th Cir. 2006). "This court reviews a district court's grant of summary judgment of a Rehabilitation Act claim *de novo*." *Coons*, 383 F.3d at 884. We "may affirm a grant of summary judgment on any ground supported by the record, even one not relied upon by the district court." *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014).

The record on appeal does not raise a triable issue as to whether Garcia was qualified without an accommodation at the time he was fired. *See Dark*, 451 F.3d at 1086, 1087. Most of Garcia's evidence does not speak to his qualifications around April 2009, when he was terminated. Instead, he largely offers evidence of qualifications from the years before his termination (positions he held prior to joining ICE; Dr. Gaughan's 2007 evaluation) and from years after (education and

therapy; Dr. Wilson's 2012 evaluation). Further, that evidence does not show that Garcia can perform the essential functions of the criminal investigator position identified in the Allen Declaration, particularly in light of the PTSD episode. *See Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015). His employment with other agencies, in non-law enforcement positions, does not demonstrate that he is qualified for the criminal investigator role, and the record does not permit an assessment of overlap of Garcia's prior jobs and the criminal investigator position. Garcia's completion of ICE training is more probative of his qualifications, but the record contains scant evidence as to the content of ICE training and how it might have rendered Garcia qualified. With respect to Garcia's post-termination education and therapy, the record does not set forth any evidence to permit a court to find that Garcia is qualified. Garcia asserts that he is less symptomatic, but has not set forth evidence to show that being less symptomatic is sufficient to render him able to perform the essential functions of a criminal investigator.

Garcia's medical reports likewise do not create a triable issue. In opining that Garcia was able to serve, Dr. Wilson did not consider the essential functions of a criminal investigator, and could not rule out the possibility that Garcia would have a similar episode in the future. Dr. Gaughan's analysis was conducted more

4

than a year before the PTSD episode, and nearly two years before Garcia was fired. His opinion does not account for the PTSD episode or speak to Garcia's qualifications at the time of termination.

Likewise, Garcia has not raised a triable issue as to whether his proposed accommodation would render him qualified. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001). The record on appeal does not explain if or how weekly group therapy would have reduced the likelihood of another dangerous flashback episode.

Accordingly, the grant of summary judgment to DHS on Garcia's claim of discrimination is affirmed. Because Garcia has not raised a genuine issue of material fact as to whether he can perform the essential functions of the criminal investigator position, we do not reach the question of whether Garcia was fired "because of" his disability.[1]

**3.** The District Court's determination not to disqualify counsel is reviewed for abuse of discretion and should be affirmed as long as "'the record reveals any sound basis for the court's action.'" *Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984) (internal citation omitted). The record reveals several sound bases.

---

[1] Because we affirm the District Court's determination on liability, we do not reach the question of whether Garcia failed to mitigate his damages. *See Drinkwine v. Federated Publ'ns, Inc.*, 780 F.2d 735, 738 (9th Cir. 1985).

First, if any conflict existed, Judge Pyle's recusal cured it. Any conflict existed for the law clerk in her capacity as law clerk; at times relevant, she had not begun working for the USAO. *See* Ariz. Rules of Prof'l Conduct 1.12(b). Second, Garcia waived the conflict when he refused Judge Pyle's offer to recuse himself. *See Martinez v. Tarrant*, 59 F. App'x 998, 999 (9th Cir. 2003). Third, because the law clerk had not yet begun working at the USAO and because Judge Pyle recused himself upon discovering the conflict, any conflict was not imputed to the USAO under Rule 1.12(c) of the Arizona Rules of Professional Conduct, and likewise, was not imputed to ICE OGC. The District Court's denial of the motion to disqualify defense counsel is affirmed.

**4.** Garcia's request for the fees and costs of this appeal is denied.

Accordingly, the judgment of the District Court is **AFFIRMED**.