

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAVERN B. SPILLANE, | No.   15-15242 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00527-HG-RLP |
| v. | |
| DAVID J. SHULKIN, in his capacity as the Secretary of the Department of Veterans Affairs,** | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 14, 2017***
Honolulu, Hawaii

Before:  FISHER, PAEZ and NGUYEN, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**David J. Shulkin has been substituted for Eric K. Shinseki pursuant to Fed. R. App. P. 43(c).

***The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lavern Spillane appeals the judgment in favor of the Secretary of the

Department of Veterans Affairs (VA) on her claims under both Title VII and the

Rehabilitation Act for (1) race-based hostile work environment harassment,

(2) failure to reasonably accommodate her disabilities and (3) retaliation for

requesting an accommodation and filing workplace complaints. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment on Spillane's

hostile work environment claim because Spillane has not offered evidence of

"verbal or physical conduct of a racial . . . nature." *Vasquez v. Cty. of Los Angeles*,

349 F.3d 634, 642 (9th Cir. 2003). Although Spillane cites several incidents of

alleged harassment by her supervisor and other VA employees, she has not tied any

of these incidents to race. Rather, these incidents involved her poor work

performance, her undisputed lack of attendance at meetings and her undisputed

parking violations. Absent evidence the alleged harassment was racially

motivated, Spillane's hostile work environment claim fails. *See Surrell v. Cal.*

*Water Serv. Co.*, 518 F.3d 1097, 1108-09 (9th Cir. 2008).

2. The district court properly granted summary judgment on Spillane's

failure to accommodate claim. The employee must "provide some proof that the

proposed accommodation will enable the employee to perform the essential

2

functions of . . . her job." 1 Barbara T. Lindemann & Paul Grossman, *Employment Discrimination Law* at 879-80 (4th ed. 2007) (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002)). Here, Spillane failed to offer such evidence because she never explained how her requested schedule change would ameliorate any limitations caused by her disabilities.

Further, "'[l]iability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown' in the interactive process." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996)). Here, although Dr. Carethers missed a meeting to discuss Spillane's accommodation request, Spillane was ultimately responsible for the breakdown in the interactive process. The day after the missed meeting, Dr. Carethers asked Spillane for medical documentation supporting her request. Spillane offered a note from her doctor saying the "severity of Ms. Spillane's medical conditions and resultant symptoms vary, thus she is requesting alteration of her work schedule as needed." When Dr. Carethers asked for further explanation of how a scheduling change would accommodate her disabilities, Spillane never responded. Accordingly, a reasonable jury would have to attribute the breakdown in the interactive process to Spillane.

3. The district court properly granted summary judgment on Spillane's retaliation claims under both Title VII and the Rehabilitation Act. Spillane alleges she was twice admonished in retaliation for requesting an accommodation and filing workplace complaints. Even assuming Spillane has established a prima facie case of retaliation, the VA has offered legitimate, undisputed reasons for admonishing her: Spillane consistently missed mandatory meetings and failed to complete a required work project. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (applying burden shifting to a Rehabilitation Act retaliation claim).

Spillane has not shown these legitimate reasons were pretextual. She argues that the VA's alleged retaliation against two other employees who filed workplace complaints would permit a jury to infer that the VA retaliated against her as well. Spillane is correct that "'evidence establish[ing] the employer's animus toward the class to which the plaintiff belongs' is relevant" to establishing pretext. *Emeldi v. Univ. of Or.*, 698 F.3d 715, 727, 729 (9th Cir. 2012) (alteration in original) (quoting *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 n.6 (9th Cir. 2005)). Here, however, Spillane's evidence of the VA's retaliation against other employees is either too speculative or too factually distinct to be of probative value. *See id.* at 727 (Emeldi "gave specific examples of Horner's male students

4

being given opportunities that were not available to his female students").

Accordingly, the district court correctly granted summary judgment on the retaliation claim.

**AFFIRMED.**