**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUL 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD L. GREEN, | No. 14-17233 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00740-KJD-VCF |
| v. | |
| STEVEN T. MNUCHIN,* Secretary, Department of the Treasury, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 26, 2017***

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Ronald L. Green appeals pro se from the district court's summary judgment

in his employment action alleging discrimination and retaliation claims under Title

---

*        Steven Mnuchin has been substituted for his predecessor, Jack Lew, as Secretary of the Treasury under Fed. R. App. 43(c)(2).

**        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

***        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

VII and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir.

1987). We affirm.

The district court properly granted summary judgment on Green's racial

discrimination claim relating to an unfilled position because Green failed to raise a

genuine dispute of material fact as to whether, "after his rejection, the position

remained open and the employer continued to seek applicants from persons of

[his] qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802

(1973).

The district court properly granted summary judgment on Green's racial and

disability discrimination claims arising from allegations other than the unfilled

position because Green failed to raise a genuine dispute of material fact as to

whether defendant's asserted nondiscriminatory reasons for its actions were

pretextual. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155-56 (9th Cir.

2010) (providing framework for analyzing a discrimination claim under Title VII);

*Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990) (elements of a disability

discrimination claim under the Rehabilitation Act); *see also Stegall v. Citadel*

2

*Broad. Co.*, 350 F.3d 1061, 1066, 1068-69 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Green's retaliation claims because Green failed to raise a genuine dispute of material fact as to whether defendant's asserted non-retaliatory reasons for its actions were pretextual. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (elements of a retaliation claim under Title VII); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (setting forth burden shifting test for evaluating a retaliation claim under the Rehabilitation Act); *see also Stegall* at 1066, 1068-69.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal, including any due process claim relating to accrued sick leave. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3