NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIVIA UJHELYI, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TOM VILSACK, Secretary, U.S. Department of Agriculture, <br><br> Defendant-Appellee. | No. 14-17573 <br><br> D.C. No. 4:12-cv-04282-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Livia Ujhelyi appeals pro se from the district court's summary judgment and

dismissal order in her employment action alleging retaliation in violation of Title

VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001) (dismissals under Fed. R. Civ. P. 12(b)(1)); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003) (summary judgment). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Ujhelyi's allegations that her duties were significantly altered upon arrival at her duty station and that the USDA intimidated her husband. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (district court only has subject matter jurisdiction over allegations of discrimination that fell within the scope of the EEOC's actual investigation or which can reasonably be expected to grow out of the charge of discrimination).

The district court properly granted summary judgment on Ujhelyi's retaliation claim related to her termination because Ujhelyi failed to raise a genuine dispute of material fact as to whether there was a causal connection between her husband's protected activity and her termination from employment. *See Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 887-88 (9th Cir. 2004) (elements of retaliation claim); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533-34 (2013) (proper causation test for Title VII retaliation claim is but-for causation).

14-17573

The district court properly granted summary judgment on Ujhelyi's retaliation claim related to Ujhelyi's debt because Ujhelyi failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reasons for denying her request to reconsider her debt were pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1068-69 (9th Cir. 2003) (circumstantial evidence of pretext must be specific and substantial)

The district court did not abuse its discretion in denying Ujhelyi's motion to compel discovery because Ujhelyi failed to establish that the denial resulted in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that district court has broad discretion to deny discovery).

The district court did not abuse its discretion in denying Ujhelyi's motion for sanctions because Ujhelyi failed to establish that sanctions were warranted. *See Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) (standard of review); *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001) (inherent power of district court to order sanctions).

The district court did not abuse its discretion in awarding costs to defendant as the prevailing party. *See Ass'n of Mexican-Am. Educators v. Caifornia.*, 231

F.3d 572, 591, 592 (9th Cir. 2000) (standard of review; strong presumption in favor of awarding costs to the prevailing party).

Ujhelyi's request for judicial notice (Docket Entry No. 13) is denied.

**AFFIRMED.**