**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN GLADLE, | No. 16-56073 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00057-CAS-FFM |
| v. | |
| DAVID J. SHULKIN[*], U.S. Department of Veterans Affairs, | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 23, 2017[***]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Marilyn Gladle appeals pro se from the district court's judgment dismissing

her action alleging violations of the Rehabilitation Act of 1973. We have

---

[*]    David J. Shulkin has been substituted for his predecessor, Robert McDonald, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

The district court properly dismissed Gladle's retaliation claim because Gladle failed to allege facts sufficient to identify the individuals who engaged in the alleged adverse employment actions or show that those individuals were aware of her protected activities. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (setting forth elements for a retaliation claim under the Rehabilitation Act).

The district court properly dismissed Gladle's harassment claim because Gladle failed to allege facts sufficient to state any cognizable claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court dismissed Gladle's denial of reasonable accommodation claim because Gladle failed to allege that participation in the emergency drill was related to the essential functions of her job. However, Gladle's allegations that she

2                                                                                      16-56073

asked the employer if there was anything she could do other than get under her desk and that the employer refused to consider alternatives are sufficient to show that Gladle requested a reasonable accommodation for her disability and the employer refused to participate in the interactive process. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (setting forth elements for a reasonable accommodation claim under the Rehabilitation Act); *Buckingham v. United States*, 998 F.2d 735, 740 n.3 (9th Cir. 1993) ("[W]e have found nothing in the [Rehabilitation] Act or its legislative history to indicate that Congress intended to limit the employer's duty of reasonable accommodation to the facilitation of employment tasks."). We therefore reverse the dismissal of Gladle's reasonable accommodation claim regarding the emergency drill and remand for further proceedings on this claim.

We reject as meritless Gladle's contentions regarding the dismissal of her retaliation and harassment claims in her prior complaints.

We reject as unsupported by the record Gladle's contentions that the district court converted the motion to dismiss into a motion for summary judgment, violated her due process rights, or denied her access to the courts.

Gladle's request to strike defendant's answering brief, set forth in her

opening brief, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

16-56073