**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD MOORE,

        Plaintiff-Appellee,

v.

MILLENNIUM ACQUISITIONS, LLC;
TIMELESS INVESTMENTS, INC., DBA
Arco AM/PM #83176,

        Defendants-Appellants.

No.   16-15531

D.C. No.
1:14-cv-01402-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 8, 2018[**]
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.** We dismiss in part Millennium Acquisitions, LLC's appeal as to the

Americans with Disabilities Act (ADA) claim, vacate the district court's judgment

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

as to that claim, and instruct the district court on remand to dissolve the injunction.

While this appeal was pending, Millennium sold the ARCO gas station at which

Ronald Moore alleges he encountered architectural features that did not comply

with the ADA. The gas station is no longer operational and is currently being

dismantled. Accordingly, Moore's ADA claim is moot because he cannot show it

is likely that he will be confronted with the alleged barriers in the future. *See City

of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Contrary to Moore's argument, the fact that Millennium has the option to

repurchase the property in the future is irrelevant. Millennium ultimately may

never exercise this option. Even if it does, the existing facilities, including the

architectural barriers Moore alleges he encountered, likely will have been

destroyed.

The sale and closure of the gas station does not moot Moore's claim for

statutory damages under the California Unruh Civil Rights Act, however, so we

address that claim on the merits.

**2.** The district court properly granted summary judgment to Moore on his

Unruh Act claim. There is no material factual dispute that Moore is disabled

within the meaning of the ADA. Moore has produced evidence establishing that he

suffers from hydrocephalus, degenerative disc disease, and chronic pain syndrome.

He states in his declaration that he nearly always uses a wheelchair because his impairments make walking painful and create the risk of falling. This evidence establishes that Moore is disabled under the ADA because he suffers from physical conditions that substantially limit his mobility. *Coons v. Secretary of U.S. Department of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

The evidence on which Millennium relies is not to the contrary. Millennium points to surveillance footage showing Moore walking short distances and a declaration from Dr. Miller, a physician who once treated Moore, indicating that Moore's wheelchair is not "medically necessary." But Moore does not dispute that he is capable of walking unassisted. Rather, he maintains that he uses a wheelchair because walking unaided is painful and difficult. Evidence that Moore physically can walk but chooses to use a wheelchair as a mobility aid does not raise a material factual dispute as to whether Moore is disabled under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 641 (1998). Nor does the fact the Moore owns a motorcycle create a dispute of material fact, as there is no evidence Moore has actually used the motorcycle since the onset of his impairments.

There is no issue of material fact as to whether Moore personally encountered barriers at the gas station. Moore testified that he visited the gas station on April 6, 2014, and encountered several barriers that prevented his full

access.  Millennium's evidence that employees do not remember seeing Moore is not sufficiently probative to dispute Moore's testimony that he visited the gas station on that date.

Millennium's motion to take judicial notice (Docket Entry 12) is **GRANTED**.  Its motion requesting leave to transmit physical exhibits (Docket Entry 20) is **GRANTED**.  Its motion to dismiss for lack of jurisdiction (Docket Entry 42) is **GRANTED in part and DENIED in part**.

**DISMISSED in part, AFFIRMED in part, and REMANDED with instructions**.

The parties shall bear their own costs.