**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS LOBER, | No. 20-15888 |
| Plaintiff-Appellant, | D.C. No. CV-18-02640-PHX-DMF |
| v. | |
| LOUIS DEJOY in his capacity as Postmaster General United States Postal Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Deborah M. Fine, Magistrate Judge, Presiding**

Submitted April 20, 2021***

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Travis Lober appeals pro se from the district court's summary judgment in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his employment action alleging violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *L.F. v. Lake Wash. Sch. Dist. No. #414*, 947 F.3d 621, 625 (9th Cir. 2020). We affirm.

Summary judgment on Lober's disability discrimination claims was proper because Lober failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for terminating his employment were pretextual. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (setting forth burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which is applicable to ADA claims); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (ADA analysis applies to claim under the Rehabilitation Act).

The district court properly granted summary judgment on Lober's retaliation claim because Lober failed to raise a triable dispute as to whether there was a causal connection between any protected activity and his termination. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (setting forth prima facie case of retaliation under the ADA).

The district court did not abuse its discretion by overruling Lober's objections to defendant's evidence in support of summary judgment, because such evidence was not inadmissible hearsay, or was capable of being provided in

admissible form at trial.  *See* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 801(c)(2) (defining hearsay as a statement offered to prove the truth of the matter asserted); *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) (at the summary judgment stage, focus is on admissibility of contents, not admissibility of the evidence's form); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (standard of review).

To the extent the district court failed to rule on Lober's authenticity objections to certain exhibits, such error was harmless because summary judgment would have been proper even if Lober's objections had been sustained.  *See United States v. George*, 56 F.3d 1078, 1083 (9th Cir. 1995).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-15888