**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

INGRID ANDERS,

       Plaintiff-Appellant,

v.

CARLOS DEL TORO, Acting Secretary
of the Department of the Navy,

       Defendant-Appellee.

No. 22-35158

D.C. No. 3:19-cv-05433-DGE

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted February 17, 2023[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Ingrid Anders ("Anders") appeals the district court's summary judgment on

her claims under the Rehabilitation Act of 1973 for (1) denial of reasonable

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

accommodation; (2) retaliation; and (3) a hostile work environment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001). "We therefore employ the same standard used by the district court and must 'view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the district court correctly applied the relevant substantive law.'" *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 779 (9th Cir. 2022) (quoting *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc) (per curiam)).

1. Anders contends that she was denied reasonable accommodations because her supervisors intentionally delayed the interactive process. Employers that delay or obstruct the interactive process may fail to act in good faith, and they may thereby incur liability "if a reasonable accommodation would have been possible." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc), *vacated on other grounds sub nom. US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)). Here, viewing the evidence in the light most favorable to Anders, no reasonable juror could find that her supervisors delayed or obstructed the interactive process. *Cf.*

2

*Terrell v. USAir*, 132 F.3d 621, 627–28 (11th Cir. 1998) (holding that a three-month delay in providing a special keyboard was not unreasonable, considering the employer had established interim measures to accommodate the employee).

Anders also contends that she was denied reasonable accommodations because her supervisor refused her request to install higher cubicle walls. However, "[a]n employer is not obligated to provide an employee the accommodation he requests or prefers[;] the employer need only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quotation omitted). The Navy provided reasonable accommodations by taking alternative steps to improve the functionality of Anders's voice recognition software.

2. Viewing the evidence in the light most favorable to Anders, no reasonable juror could find that Anders's supervisors retaliated against her.

Anders contends that a supervisor retaliated against her by denying her request to work part-time after maternity leave. Even assuming Anders can establish a prima facie case of retaliation based on the denial, we must affirm. Anders fails to raise a genuine issue of material fact whether Defendant's non-retaliatory reasons for the denial were pretextual. *See Coons v. Sec'y of U.S. Dep't*

3

*of Treasury*, 383 F.3d 879, 887–88 (9th Cir. 2004) (describing the burden-shifting analysis applicable to retaliation claims). With respect to Anders's other allegations of retaliatory conduct, Anders fails to create a triable issue regarding whether supervisors engaged in adverse employment action. *See Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000) (holding that "an action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity"). For example, Anders states that a supervisor called her a "whiner" and rolled her eyes when Anders informed her that her accommodations were not working properly, but "petty slights, minor annoyances, and simple lack of good manners" do not amount to adverse employment actions. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

3. The district court also correctly granted summary judgment on Anders's hostile work environment claim. Assuming, without deciding, that a hostile work environment cause of action is cognizable under the Rehabilitation Act, *see Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003), Anders's supervisors' conduct was not sufficiently "severe or pervasive" to create a hostile work environment, *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999).

**AFFIRMED.**