**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISTY DANIELLE BROWN, | No. 21-16154 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05797-JSC |
| v. | |
| MEGAN J. BRENNAN, Post Master General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted January 17, 2024**

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Misty Danielle Brown appeals from judgment dismissing her retaliation claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794, for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *Curry v. Yelp Inc.*, 875

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1219, 1224 (9th Cir. 2017), and we affirm.

Under the Rehabilitation Act, "[a] prima facie case of retaliation requires a plaintiff to show: '(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)). To satisfy the second element, "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).[1] "[O]nly non-trivial employment actions that would deter reasonable employees from [engaging in a protected activity] will constitute actionable retaliation." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Brown's pro se edited first amended complaint ("EFAC") failed to adequately allege an adverse employment action. First, the EFAC alleged that Defendant assigned her "less desirable and harder to manage routes despite her seniority." This allegation is insufficient to state a claim of retaliation. The district court correctly concluded that Brown failed to plausibly allege that her route assignments were objectively less desirable. Indeed, Brown provided no context or

---

[1] The parties agree that the *Burlington Northern* standard applies to claims under the Rehabilitation Act in addition to Title VII claims.

2

substance of the route change to determine whether it was objectively less desirable so as to dissuade a reasonable worker from making a charge of discrimination. *See Burlington*, 548 U.S. at 69 (considering a hypothetical change in work schedule and noting that "[c]ontext matters"). Thus, Brown cannot rely on this schedule change to form the basis of her prima facie retaliation claim.

Second, Brown alleged that Defendant wrongfully reclassified eight hours of paid sick leave to leave without pay and, when notified of the error, took approximately four weeks to correct it. The district court concluded that "a two to four-week delay in payment of eight hours of wages . . . does not plausibly rise to the level of an adverse employment action that would deter a reasonable employee from pursuing a charge of discrimination." The district court further noted that regardless of any hardship that this error may have inflicted, "the action that produced that hardship was not final, and was instead correctable; indeed, Plaintiff alleges that Defendant offered a correction in the form of a pay adjustment." Defendant's alleged delay in payment could not have dissuaded a reasonable employee in Brown's position from pursuing a discrimination complaint. As the district court noted, Defendant's action was subsequently corrected with a pay adjustment, and the length of the delay in payment was not so severe so as to deter a reasonable employee from pursuing a charge of discrimination. *See Brooks*, 229 F.3d at 929–30 (holding that re-scheduling a worker to an unfavorable shift and

3

denying her vacation preference are not adverse employment actions if subsequently corrected by the employer). Because Brown cannot rely on this four-week payment delay to form the basis of her prima facie retaliation claim, this claim fails.

The district court also did not err by dismissing Brown's hostile work environment theory of retaliation.[2] Brown has alleged a handful of discrete acts—altering her time sheet, refusing to authorize emergency pay, failing to provide timely notice of work assignments, and providing more difficult work assignments. But she has not alleged severe or pervasive harassment. *See Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (Title VII).

In sum, the district court did not err in dismissing Brown's discrete acts claims of retaliation, because the EFAC failed to adequately allege adverse employment actions, and the district court correctly dismissed Brown's hostile environment claim of retaliation, because the alleged harassment was not severe or pervasive enough.

The judgment of the district court is affirmed. Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

[2] We assume without deciding that hostile work environment claims are cognizable under the Rehabilitation Act.

4