NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 11 2024**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYED MOHSIN, | No. 22-16597 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:13-cv-01236-TLN-JDP |
| CALIFORNIA DEPARTMENT OF WATER RESOURCES; DAVID GUTIERREZ, in his personal and official capacity as Chief of Division of Safety of Dams; MICHAEL WAGGONER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 9, 2024**
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and SEABRIGHT,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable J. Michael Seabright, United States District Judge for
the District of Hawaii, sitting by designation.

Syed Mohsin, a former employee of the California Department of Water Resources (DWR), appeals a grant of summary judgment for DWR and David Gutierrez, who was Mohsin's supervisor at DWR (collectively, "Appellees"). Mohsin alleges (1) disability discrimination under Title I of the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act, and § 12940(a) of California's Fair Employment and Housing Act (FEHA); (2) failure to reasonably accommodate a disability and engage in the interactive process under §§ 12940(m)–(n) of FEHA; (3) retaliation under Title I of the ADA and § 504 of the Rehabilitation Act; (4) disability harassment under § 12940(j) of FEHA; and (5) violations of the Equal Protection Clause and the Due Process Clause under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment *de novo*. *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1104 (9th Cir. 2024). We view the evidence in the light most favorable to Mohsin, the non-moving party, *id.*, but "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted). If Appellees, the moving parties, carry their burden of production by negating essential elements of Mohsin's claims, Mohsin must produce evidence to demonstrate that there is a genuine issue of material fact for each of his claims to

survive summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

We conclude that Appellees have carried their burden of production as to each of Mohsin's claims but that Mohsin has not carried his burden of production to show any genuine issues of material fact. Counsel for Mohsin does not acknowledge his deficient briefing before the district court, and instead insists that the district court and DWR did not adequately examine the extensive record or anticipate Mohsin's counterarguments. But Mohsin misunderstands the nature of the adversarial process. "We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan*, 91 F.3d at 1279 (citation omitted); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Mohsin's briefs do not set forth the elements of his claims, nor do Mohsin's briefs provide adequate record citations. Appellees are entitled to summary judgment on all of Mohsin's claims.[1]

1. Appellees are entitled to summary judgment on Mohsin's discrimination claims under the ADA, Rehabilitation Act, and FEHA because Mohsin has not established a genuine issue of material fact as to whether he was a "qualified individual with a disability," which is defined as "an individual with a disability

---

[1] Because we dismiss Mohsin's claims on the merits, we do not address the parties' arguments regarding whether claims can be brought against Gutierrez under *Ex parte Young*, 209 U.S. 123 (1908) or Section 1983.

who, with or without reasonable accommodation, can perform the essential functions of the employment position." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 & n.6 (9th Cir. 2001) (quoting 42 U.S.C. § 12111(8)); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the [ADA]."). Appellees provided evidence that the only report concerning Mohsin's fitness for duty is Dr. Elliot Henderson's report, which states that Mohsin could **not** perform the essential functions of an Assistant Engineering Specialist. Mohsin offers no specific response other than taking issue with DWR's reliance on his defaulted admissions, which we may rely on in reviewing a grant of summary judgment. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); *see also* Fed. R. Civ. P. 36(a)(3).

2. Similarly, DWR is entitled to summary judgment on Mohsin's FEHA claims that DWR did not provide him with reasonable accommodations or engage in the interactive process because Mohsin has not established a genuine issue of material fact as to whether he was a "qualified individual with a disability." *See Humphrey*, 239 F.3d at 1133; *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 743 (9th Cir. 2011). Even if Mohsin were a qualified individual with a disability, he does not create a genuine issue of material fact as to whether DWR provided him with reasonable accommodations or engaged in the interactive

4

process. First, Mohsin contends in his response to DWR's statement of undisputed facts that DWR required him to perform field inspections contrary to his accommodations, but the cited portion of Mohsin's affidavit does not support these facts. Mohsin's default admissions also include an admission that he was never required to act contrary to these four accommodations. Second, Mohsin disputes that DWR had privacy concerns warranting DWR's removal of information about some of his accommodations from his duty statement and placing this information in a separate file. But Mohsin has not created a genuine issue of material fact as to whether subjecting some of his accommodations to privacy requirements would mean that he was not provided those accommodations. Finally, Mohsin contends that he was not given accommodations for his Professional Engineer licensure exam, but does not contest DWR's statement that DWR had no obligation to provide such accommodations because DWR does not administer that exam.

3. Appellees are entitled to summary judgment on Mohsin's retaliation claims under the ADA and the Rehabilitation Act. Under both the ADA and the Rehabilitation Act, a retaliation claim is assessed under the well-established burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for Title VII claims. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472–73 (9th Cir. 2015); *see also Coons*, 383 F.3d at 887. Appellees explained that Mohsin was terminated because he could not perform all of the

5

essential functions of his position even with accommodations. Even assuming that the cited pages of Mohsin's affidavit could establish a prima facie case of retaliation, these pages do not create a genuine issue of material fact as to whether Appellees' valid reason for his termination was pretextual.

4. Appellees are entitled to summary judgment on Mohsin's FEHA disability harassment claim. Mohsin did not respond to Appellees' argument that his harassment claim should be dismissed because it is only based on managerial actions. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).

5. Gutierrez is entitled to summary judgment on Mohsin's equal protection and due process claims brought under Section 1983. Gutierrez contends that Mohsin received all of the process he was due, and that it was rational for Mohsin to be terminated because he could not perform the essential functions of his position. In response, Mohsin only cites conclusory statements that he was denied equal protection and due process. He thus fails to raise a genuine factual issue precluding summary judgment on those constitutional claims.

6. Also, the district court did not abuse its discretion under Fed. R. Civ. P. 56(e) in denying Mohsin an additional opportunity to demonstrate a genuine issue of material fact for each of his claims. Our precedent establishes that "[t]he efficient management of judicial business mandates that parties submit evidence responsibly," and that a district court has the discretion to exclude evidence when a

6

party, as here, relies on evidence at the summary judgment stage "without citing to page and line numbers." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 & n.14 (9th Cir. 2002).

**AFFIRMED.**